KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Nathan Livinghouse

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathan Livinghouse, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Peak Financial Services LLC; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiff, Nathan Livinghouse, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Nathan Livinghouse (hereafter "Plaintiff"), is an adult individual residing at 1122 Washington Ave Apartment B, Saint Louis, Missouri 63101, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Peak Financial Services LLC (hereafter "Peak"), is a company with an address of 2333 W Northern Ave, Suite 4, Phoenix, Arizona 85021, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Peak and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Peak at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

8. A financial obligation (the "Debt") was allegedly incurred to US Bank (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Peak for collection, or Peak was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    Peak Engages in Harassment and Abusive Tactics**

12. Defendants called Plaintiff concerning his account with US Bank and identified itself as Parker Fellows Smith & Associates.

13. Plaintiff disputed the Debt.

3

14. Defendants stated that the matter had been recommended to Defendants for legal action, implying that Defendants were a law firm. To date, no legal action has been taken against Plaintiff.

15. Defendants failed to inform Plaintiff of his rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

C. **Plaintiff Suffered Actual Damages**

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

20. The Defendants misled the Plaintiff into believing the communication was from a law firm or an attorney, in violation of 15 U.S.C. § 1692e(3).

21. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

22. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

23. The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

24. The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

25. The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

26. The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

27. The Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

28. The Defendants continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

    E. Punitive damages;

    F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 20, 2011                LEMBERG & ASSOCIATES, LLC


By:  */s/  Kindra Deneau*
Kindra Deneau

Attorney for Plaintiff
Nathan Livinghouse